**PANAYOTIDES Michael A., et. al., Plaintiffs,**

v.

**RABENOLD Randy A., et. al., Defendants.**

**No. Civ.A. 98–0022.**

United States District Court, E.D. Pennsylvania.

Jan. 27, 1999.

---

Michael Panayotides, Reading, PA, pro se.

James M. Sweet, Kelly A. Beaudin, Drinker Biddle & Reath LLP, Philadelphia, PA, for defendant, Julie C. Panayotides.

Timothy C. Russell, Christie, Pabarue, Mortensen and Young, Philadelphia, PA, for defendants, Randy A. Rabenold and Baskin, Leisawitz, Heller & Abramowitch, PC.

Mary C. Keane, Administrative Office of PA Courts, Philadelphia, PA, for defendants, Frederick Edenharter and The Hon. Arthur E. Grim.

Marc I. Bressman, Michael S. Savett, Budd, Larner, Gross, Rosenbaum, Greenberg and Sade, P.C., Cherry Hill, NJ, for Paula Szortyka, Assistant District Attorney.

Keir N. Dougall, U.S. Attorney's Office, Philadelphia, PA, for Maureen Barden, Ass't. U.S. Attorney.

Richard M. Jordan, White and Williams, Philadelphia, PA, for defendants Donald M. Leembruggen and Barry & Nilsson Solicitors.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently before the Court are the Motions to Dismiss of all Defendants on various grounds ranging from immunity to lack of jurisdiction to failure to state a claim upon which relief can be granted. Plaintiff's [1] complaint alleges that each of the Defendants violated his constitutional rights by conspiring to interfere with his due process rights and his right to custody of his child. Each Defendant or class of Defendants is alleged to have participated in the violation of Plaintiff's constitutional rights in a differ-

ent manner; however, where appropriate, the motions of the defendants will be treated together. For the following reasons the Motions to Dismiss are granted.

## BACKGROUND

Plaintiff's *pro se* amended complaint covers eighty-four (84) pages and includes long narratives describing Plaintiff's allegations of the events that have transpired as well as historical and legal quotations and a catalog of various laws and statutes. Plaintiff's complaint revolves around the alleged kidnaping of his son by Julie Panayotides, the child's mother and Plaintiff's wife. Plaintiff alleges a conspiracy to aid in the kidnaping which includes Julie Panayotides as well as her lawyers (both in Pennsylvania and Australia) and two Pennsylvania court judges. Further, Plaintiff alleges that various prosecutors violated his rights by not investigating his kidnaping claims.[2]

Plaintiff's allegations are broad based and appear to suggest a § 1983 and § 1985(3) civil rights conspiracy claim for violations of Plaintiff's constitutional rights including failure to provide due process and depriving Plaintiff of custody of his son. Plaintiff also seeks relief under various Pennsylvania state laws and criminal statutes as well as international treaties.[3]

## DISCUSSION

### A. Judicial and Prosecutorial Defendants

#### 1. Judicial Immunity for Claims for Monetary Damages

Plaintiff has brought claims against the Honorable Arthur E. Grim, Judge of the Court of Common Pleas of Berks County, Pennsylvania, and the Honorable Frederick Edenharter, Senior Judge of the Court of Common Pleas of Berks County (the "Judi-

---

[1.] The complaint purports to be in the name of Michael A. Panayotides and Luke Panayotides, the minor son of Michael. However, throughout this Memorandum "Plaintiff" will refer singularly to Michael A. Panayotides.

[2.] While for purposes of this Motion to Dismiss the Court will accept as true all of the allegations in Plaintiff's complaint, we note that the Pennsyl-

vania Superior Court opinion in the underlying case outlines markedly different facts from these alleged by Plaintiff and in many cases are in direct opposition to those alleged by Plaintiff.

[3.] We will not consider any of the criminal claims suggested by Plaintiff's amended complaint as this is a civil case.

cial Defendants"). Plaintiff seeks monetary damages and injunctive relief from the Judicial Defendants for acts allegedly taken in furtherance of a conspiracy to violate Plaintiff's constitutional rights. The Judicial Defendants seek immunity from these claims.

 Judicial immunity provides broad protection for judges from suits for monetary damages. This immunity is "immunity from suit, not just from an assessment of damages." *Mireles v. Waco,* 502 U.S. 9, 11, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991). Judicial immunity can not be overcome by allegations of bad faith or malice. *Id.* (citing *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967)). Rather, judicial immunity can only be overcome if the judge is acting outside the scope of the judicial capacity or if the judge is acting in the "complete absence of all jurisdiction." *Mireles,* 502 U.S. at 11–12, 112 S.Ct. at 288. In order to determine if an act is within the scope of judicial action, a court should look to the " 'nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity.' " *Mireles,* 502 U.S. at 12, 112 S.Ct. at 288 (quoting *Stump v. Sparkman,* 435 U.S. 349, 362, 98 S.Ct. 1099, 1108, 55 L.Ed.2d 331 (1978)). [T]he relevant inquiry is the "nature" and "function" of the act, not the "act itself." *Id.* at 13, 112 S.Ct. at 288.

 In the instant case, Plaintiff alleges that Judge Edenharter conspired to deprive him of his constitutional rights by performing only a cursory review of a defective "Rule to Show Cause" filed by some of the other named Defendants and signing the defective "Rule" with knowledge that it was defective. *See* (Pl.'s Amended Compl. at ¶ 5.53). Further, Plaintiff alleges that Judge Edenharter passed along to Defendant Randy A. Rabenold a letter which the Plaintiff had written *ex parte* to Judge Edenharter. *Id.* at ¶ 5.66.

The nature and function of these acts demonstrate that they were made in Judge Edenharter's judicial capacity, and Plaintiff has not alleged any activity that would take these actions outside the scope of the judicial capacity. Further, Plaintiff has not sufficiently alleged that Judge Edenharter was

acting in the absence of jurisdiction. Therefore, we find that Judge Edenharter is immune from a suit for monetary damages for these alleged actions, and we dismiss the federal claims in Plaintiff's amended complaint seeking monetary damages from Judge Edenharter.

 Plaintiff's allegations against Judge Grim are lengthier. *See Id.* at ¶¶ 5.62, 5.63, 5.64, 5.66, 5.67, 5.71, 5.89, 5.94, 5.97, 5.99, 5.101, 5.103, 5.104, 5.105, 5.106, 5.107, 5.109, 5.110, 5.111, and 5.122. Some of the specific acts taken by Judge Grim in furtherance of the alleged conspiracy to violate Plaintiff's constitutional rights are as follows: granting an indefinite stay of the Pennsylvania court proceedings pending resolution of other related issues including a Hague Convention application and the taking of depositions; not setting a specific time limit for the taking of depositions or attempting to enforce his orders that the depositions proceed; denying many of Plaintiff's petitions including his petition for declaratory relief; preventing Plaintiff from presenting evidence at a hearing; refusing Plaintiff's request that the stay be lifted; consolidating Plaintiff's divorce and support proceedings; and ultimately dismissing Plaintiff's original complaint for lack of jurisdiction. *Id.*

Plaintiff maintains that Judge Grim performed these functions with full knowledge of the part they played in the alleged conspiracy to kidnap his son. A review of the nature and function of the acts taken by Judge Grim demonstrates that the alleged activity stems from Judge Grim's role as a judicial officer and from the parties' involvement with Judge Grim in his judicial capacity. *See Mireles,* 502 U.S. at 12, 112 S.Ct. at 288 (internal citations omitted). Plaintiff has not made any allegations to demonstrate that Judge Grim was acting outside of his judicial scope.

Further, Plaintiff has not made any allegations to demonstrate that Judge Grim was acting in the absence of all jurisdiction. Plaintiff attempts to argue that since Judge Grim ultimately found that the Court of Common Pleas for Berks County lacked jurisdiction to hear the claim, he was acting in the absence of jurisdiction when he per-

formed the judicial functions leading up to that determination. However, this argument has no validity. *See generally In Re Orthopedic Products Liability Litigation*, 132 F.3d 152, 155–56 (3d Cir.1997) (discussing a court's inherent authority over its docket and persons before it even where court ultimately lacks jurisdiction to decide the merits of the case). As Plaintiff has not shown that Judge Grim was acting outside the scope of his judicial function or acting in the absence of jurisdiction, Judge Grim is entitled to judicial immunity for the monetary damages claimed by Plaintiff. Therefore, we dismiss the federal claims in Plaintiff's amended complaint seeking monetary damages from Judge Grim.

### 2. Prosecutorial Immunity for Claims for Monetary Damages

Plaintiff brings claims for monetary damages against Paula Szortyka ("Szortyka"), an Assistant District Attorney at the Berks County District Attorney's office, and Maureen Barden ("Barden"), an Assistant United States Attorney working in the Philadelphia office (the "prosecutorial defendants"), for their failure to investigate his claims that his son was kidnaped. Both Szortyka and Barden seek dismissal of the claims based on prosecutorial immunity.

■ Prosecutors are entitled to absolute immunity in suits for monetary damages for actions related to the prosecution of a criminal case. *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976) (prosecutor immune "in initiating a prosecution and in presenting the State's case"). This immunity extends to the decision whether or not to prosecute. *Davis v. Rendell*, 659 F.2d 374, 378 (3d Cir.1981); *see also Cap v. Hartman*, No. CIV.A.95–5871, 1996 WL 266701, * 4 (E.D.Pa. May 9, 1996); *Torres v. Castile*, No. CIV.A.86–4517, 1986 WL 10540, * 1 (E.D.Pa. Sept.17, 1986). Prosecutors also enjoy immunity from investigatory acts taken " 'to the extent that the securing of information is necessary to a prosecutor's decision to initiate a criminal prosecution.' " *Thomas v. Rendell*, No. CIV.A.85–3694, 1985 WL 3411, *1 (E.D.Pa. Oct.30, 1985) (quoting *Forsyth v.*

*Kleindienst*, 599 F.2d 1203, 1215 (3d Cir. 1979)).

■ Plaintiff's claims against Szortyka stem from Plaintiff's visit to the Berks County District Attorney's office to instigate an investigation into the alleged kidnaping of his son by the son's mother and the other named defendants. Plaintiff alleges that an unnamed Assistant District Attorney in the Berks County office was interested in his case and called him in for an interview. At the interview, Plaintiff alleges that the unnamed Assistant D.A. was in the process of contacting the chambers of one of the judicial defendants when Szortyka intervened and prevented the other Assistant D.A. from making the phone call. Specifically, Plaintiff alleges that Szortyka "interfered and prevented, under false pretenses, the investigation into a reported crime, by falsely claiming that the kidnaping of the child was a 'civil matter' for which there was nothing the D.A. can do." (Pl.'s Amended Compl. at ¶ 5.70).

Plaintiff's claims against Szortyka revolve around the decision not to prosecute for which Szortyka enjoys immunity. *See Davis*, 659 F.2d at 378 (immunity extends to the decision whether or not to prosecute); *see also Cap*, 1996 WL 266701 at * 4; *Torres*, 1986 WL 10540 at 1. Plaintiff attempts to argue that he is not claiming damages from Szortyka's failure to prosecute but rather from her interference with the investigation of his alleged claims. However, the two are inseparable. Szortyka did not allow the investigation of the claims alleged by Plaintiff to go forward because the Berks County D.A.'s office was not going to initiate or pursue a criminal action. *See Nelson v. Commonwealth of Pennsylvania*, No. CIV. A.97–6548, 1997 WL 793060, *2 (E.D.Pa. Dec.9, 1997) ("prosecutor absolutely immune from liability under § 1983 for acts 'within the scope of his duties in initiating and pursuing a criminal action.' ") (internal citations omitted). The ultimate decision about which Plaintiff is complaining is the decision not to prosecute, for which Szortyka is immune. Therefore, the federal claims in Plaintiff's amended complaint seeking monetary damages from Szortyka are dismissed.

Plaintiff's claims against Barden are similar to the claims against Szortyka. Plaintiff contacted Barden in an effort to have the U.S. Attorney's office launch an investigation into the individuals who allegedly kidnaped Plaintiff's son. Plaintiff requested that Barden allow the FBI to investigate the allegations. However, Barden allegedly did not allow an investigation into Plaintiff's claim because it involved a child custody matter. *See* (Pl.'s Amended Compl. at ¶¶ 5.113, 5.114, 5.115, 5.116, and 5.117).

Barden seeks immunity from suit under these facts. Plaintiff again tries to defeat the immunity claim by arguing that the failure he is complaining of is the failure to investigate and not the failure to prosecute. However, as discussed above, the two are inextricably related. Barden refused to investigate Plaintiff's allegations because the U.S. Attorney's office was not going to prosecute the case. *See Nelson,* 1997 WL 793060 at *2 ("private citizen does not have a judicially cognizable interest in the criminal prosecution or non-prosecution of another"); *Seymour/Jones v. Kuhn,* No. CIV.A.96–6599, 1997 WL 24838, *2 (E.D.Pa. Jan.22, 1997) (discussing Plaintiff's lack of entitlement to compel FBI to perform an investigation). Therefore, Barden is also immune from suit from monetary damages, and those federal claims in Plaintiff's amended complaint seeking monetary damages from Barden are dismissed. *See Davis,* 659 F.2d at 378 (immunity extends to the decision whether or not to prosecute).

### 3. Claims for Injunctive Relief: Judicial and Prosecutorial Defendants

▮ Neither judicial immunity nor prosecutorial immunity extends to claims for declaratory or injunctive relief. *See Pulliam v. Allen,* 466 U.S. 522, 542, 104 S.Ct. 1970, 1981, 80 L.Ed.2d 565 (1984). Plaintiff's complaint states that "Plaintiffs are entitled to injunctive, compensatory and punitive relief and redress to recover damages for the injuries and losses they sustained . . . ." (Pl.'s Amended Compl. at ¶ 6.2.1). Plaintiff requests that the Judicial and Prosecutorial Defendants be enjoined from "participation in their official or professional capacity in any pending or future civil action or criminal action involving the Plaintiffs and/or the Defendants in any future criminal investigations or prosecutions resulting directly or indirectly from the allegations in the instant complaint." (Pl.'s Amended Compl. at ¶ 8.5.8).

▮ In order to sufficiently allege a claim for injunctive relief a plaintiff must "show irreparable injury will result if this relief is not granted prior to the final adjudication of the claims on their merits" and must show "a reasonable probability of success on the merits and that the possible harm to the opposing party is minimal." *Thomas v. Kerwin,* No. CIV.A.91–0427, 1991 WL 22222, * 1 (E.D.Pa. Feb.15, 1991); *see also Young v. Jeffes,* No. CIV.A.87–7843, 1988 WL 65838, *2 (E.D.Pa. June 15, 1988). The facts alleged against the Judicial and Prosecutorial Defendants fail to meet these requirements. Plaintiff has not alleged that there is an ongoing civil or criminal proceeding in any court in which the Judicial or Prosecutorial Defendants are participating, nor has Plaintiff alleged threatened or impending civil or criminal action in which the Judicial or Prosecutorial Defendants will participate. Further, Plaintiff has not sufficiently alleged that irreparable harm will occur if at some time in the future one of the Judicial or Prosecutorial Defendants is involved in any potential future case. Therefore, the claim for injunctive relief will be dismissed as to the Judicial and Prosecutorial Defendants.

### B. Donald M. Leembruggen and Barry & Nilsson: Personal Jurisdiction

Plaintiff alleges that Donald M. Leembruggen ("Leembruggen"), an Australian solicitor who represented Julie Panayotides in Australia, and Leembruggen's firm, Barry & Nilsson ("B & N"), were involved in the conspiracy to kidnap Plaintiff's son and through their actions violated Plaintiff's constitutional rights as well as other state common law rights. Leembruggen and B & N argue that this Court does not have personal jurisdiction over them.

▮ Once a defendant raises a personal jurisdiction defense, the burden of establishing the court's jurisdiction rests with the plaintiff. *Provident Nat. Bank v. Cal.*

*Fed. Sav. & Loan Ass'n,* 819 F.2d 434, 437 (3d Cir.1987). However, a plaintiff cannot rely on the pleadings alone, but "'bears the burden of establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction.'" *Carteret Savings Bank, F.A. v. Shushan,* 954 F.2d 141, 146 (3d Cir.1992) (quoting *Provident National Bank,* 819 F.2d at 437) (internal citations omitted); *see also Vetrotex Certainteed Corporation v. Consolidated Fiber Glass Products Company,* 75 F.3d 147, 151 (3d Cir.1996) (discussing two part test to determine whether exercise of jurisdiction is appropriate).

▮▮ In the instant case, Plaintiff attempts to establish specific jurisdiction over Leembruggen and B & N. "'Specific jurisdiction is invoked when the cause of action arises from the defendant's forum related activities' such that the defendant 'should reasonably anticipate being haled into court there.'" *Vetrotex,* 75 F.3d at 151 (quoting *North Penn Gas Co. v. Corning Natural Gas Corp.,* 897 F.2d 687, 690 (3d Cir.1990)). Plaintiff argues that Leembruggen and B & N have sufficient contacts with Pennsylvania to allow this Court to exercise personal jurisdiction because they reached into Pennsylvania to assist in the conspiracy to kidnap his child, an act which deprived Plaintiff of his constitutional and state tort/common law rights.

Leembruggen and B & N submitted an affidavit which indicates that neither Leembruggen nor B & N have ever availed themselves of the benefits of Pennsylvania law or otherwise subjected themselves to jurisdiction in Pennsylvania. *See* (Aff. of Leembruggen at ¶¶ 13 & 14). Additionally, Leembruggen and B & N indicate that in connection with their representation of Defendant, Julie Panayotides, that they were not physically present in Pennsylvania nor did they perform any act in Pennsylvania.[4] *Id.* at ¶ 12. Leembruggen and B & N further assert that they have never practiced law in Pennsylvania,

filed papers or assisted with filing papers in any Court exercising jurisdiction in Pennsylvania, nor appeared on the record or entered an appearance in Pennsylvania. *Id.* at ¶¶ 3–5.

To refute this affidavit, Plaintiff lists the paragraphs of the affidavit that he considers false and points to allegations in his complaint to support his contention that the Court can exercise personal jurisdiction. However, other than pointing to the pleadings, Plaintiff does not offer any competent evidence that would establish "'with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction.'" *Carteret Savings Bank,* 954 F.2d at 146 (quoting *Provident National Bank,* 819 F.2d at 437) (a plaintiff cannot rely on pleadings alone). We find that Defendants, Leembruggen and B & N, have sufficiently shown that this Court does not have personal jurisdiction over them and that Plaintiff has failed to meet the burden of establishing jurisdiction. Therefore, the claims in Plaintiff's amended complaint are dismissed against Leembruggen and B & N for lack of jurisdiction.

## D. Randy Rabenold, Baskin, Leisawitz, Heller & Abramowitch, P.C., and Julie Panayotides: Failure to State a Claim

Plaintiff asserts numerous claims against Randy Rabenold ("Rabenold"), Baskin, Leisawitz, Heller & Abramowitch, P.C. ("BLH & A"), and Julie Panayotides (collectively "Defendants") alleging violations of an assortment of federal and state laws: civil and criminal. Here we will focus on Plaintiff's potential federal claims against Defendants which appear to be a claim for conspiracy to violate his constitutional rights under § 1983 and under § 1985. Rabenold, BLH & A and Julie Panayotides seek dismissal of the claims in Plaintiff's amended complaint for failure to state a claim for which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[5]

---

4. Leembruggen and B & N also assert that they have never been physically present in Pennsylvania, that they own no property here, and have no bank accounts here.

5. These defendants also seek dismissal for lack of jurisdiction under the Rooker–Feldman doctrine and for improper service of process. As we resolve the issue on the 12(b)(6) motion, it is unnecessary to address the other arguments.

### 1. Legal Standard

In considering a 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Pension Benefit Guaranty, Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993). The Court must accept as true all of the allegations in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations. *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988). A *pro se* complaint is held to a more liberal pleading standard than those drafted by an attorney. *See Gibbs v. Roman*, 116 F.3d 83, 86 (3d Cir.1997) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)).

### 2. Section 1983

Plaintiff attempts to plead a § 1983 conspiracy claim against Rabenold, BLH & A, and Julie Panayotides for violation of his constitutional rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments. Defendants seek to have these claims dismissed because they are not state actors as required by § 1983.

In order to properly plead a § 1983 claim, a plaintiff must allege that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state law." *Samuel v. Clark*, No. CIV.A.95–6887, 1997 WL 792994, *2 (E.D.Pa. Dec.10, 1997) (citing *Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir.1995)). A private individual can become a state actor for purposes of § 1983 conspiracy liability if he or she is a " 'willful participant in joint activity with the state or its agents.' " *Dutton v. Buckingham Township*, No. CIV.A.97–3354, 1997 WL 732856, *2 (E.D.Pa. Nov.13, 1997) (quoting *Adickes v.*

*Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1606, 26 L.Ed.2d 142 (1970)); *see also Rashid v. Monteverde & Hemphill*, No. CIV.A.95–2449, 1997 WL 360922, *8 (E.D.Pa. June 24, 1997); *Gallas v. Supreme Court of Pennsylvania*, No. CIV.A.96–6540, 1997 WL 256972, * 15 (E.D.Pa. May 15, 1997). "The requisite state action can be present even if the conspirator who is a state actor is himself immune from suit." *Gallas*, 1997 WL 256972 at *15; *see also Brightwell v. Brady*, No. CIV. A.92–2649, 1993 WL 157724, *4 (E.D.Pa. May 11, 1993). "The test for determining state action requires a showing of conspiratorial or other concerted action." *Dutton*, 1997 WL 732856 at *2.

In order to sufficiently allege a conspiracy, a plaintiff must show "a combination of two or more persons to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose." *Hammond v. Creative Financial Planning*, 800 F.Supp. 1244, 1248 (E.D.Pa.1992). A plaintiff must make "specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events." *Id.* " '[O]nly allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain other action of the alleged conspirators taken to achieve that purpose will be deemed sufficient. . . .' " *Dutton*, 1997 WL 732856 at *2 (quoting *Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir.1989) (internal citations omitted)). Further, "[a]greement is the *sine qua non* of a conspiracy." *Spencer v. Steinman*, 968 F.Supp. 1011, 1020 (E.D.Pa.1997).

It is not enough that the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism. To state a claim for conspiracy under § 1983, plaintiff must claim that, '[t]he private actor . . . wrongfully influence[d] the state [actor's] decision . . . *through a conspiracy*, or else the plaintiff must seek his remedy in a state tort claim, not a federal § 1983 suit.'

*Id.* (quoting *Davis v. Union National Bank,* 46 F.3d 24, 26 (7th Cir.1994)).

Plaintiff attempts to allege that the Defendants, Rabenold, BLH & A, and Julie Panayotides, were involved in a conspiracy with Judges Edenharter and Grim to deny Plaintiff his constitutional right to due process and to custody of his son. Plaintiff alleges that Rabenold, BLH & A and Julie Panayotides (at least through her counsel) had *ex parte* communications with Judges Grim and Edenharter wherein the Judicial Defendants received irrelevant and inadmissible evidence which was used to issue rulings that were legally incorrect and that were designed to deny Plaintiff his constitutional rights to due process and to custody of his child. *See generally* (Pl.'s Amended Compl. at ¶¶ 5.52–5.110).

However, Plaintiff does not sufficiently allege that the Judicial Defendants took these alleged actions due to an agreement to deprive Plaintiff of his constitutional rights. Plaintiff utilizes the word "conspired" in the amended complaint but does not provide the facts necessary to demonstrate an agreement between Rabenold, BLH & A and Julie Panayotides and the Judicial Defendants to deprive him of his right to due process and custody of his child. *See Spencer,* 968 F.Supp. at 1020–21 (plaintiff did not present sufficient facts to allege a § 1983 conspiracy claim between an attorney and judge where plaintiff did not offer any facts that the attorney acted through a "combination, agreement, or understanding" with the judge); *see also Crabtree By and Through Crabtree v. Muchmore,* 904 F.2d 1475, 1481 (10th Cir. 1990) (" '[a] conspiracy [under § 1983] cannot be found from allegations of judicial error, ex parte communications . . . or adverse rulings absent specific facts demonstrating an agree-

ment to commit the alleged improper conduct' ").[6]

### 3. Section 1985 and 1986

Plaintiff also attempts to allege a § 1985(3) conspiracy claim. In order to sufficiently plead such a claim, a plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving any person or class of person of equal protection of the laws or equal privileges and immunities; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Brotherhood of Carpenters & Joiners of America, Local 610, AFL—CIO v. Scott,* 463 U.S. 825, 829, 103 S.Ct. 3352, 3356, 77 L.Ed.2d 1049 (1983); *see also Samuel,* 1997 WL 792994 at *2; *Perlberger,* 1997 WL 597955 at *3. "To satisfy the second element, Plaintiff must allege that the Defendants were motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus . . . .' " *Perlberger v. Perlberger,* No. CIV.A.97–4105, 1997 WL 597955, *3 (E.D.Pa. Sept.16, 1997) (quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971)).

Plaintiff cannot maintain a § 1985 claim because he has not alleged any racial or class based discriminatory animus that motivated the alleged conspiracy to violate his constitutional rights. Therefore, we will dismiss this claim against Defendants, Rabenold, BLH & A, and Julie Panayotides.

Plaintiff's § 1986 claim "can only be maintained along with a Section 1985 claim." *Perlberger,* 1997 WL 597955 at *3. We have dismissed Plaintiff's § 1985 claim and therefore must dismiss the § 1986 claim as well. *Id.*

---

**6.** Even if Plaintiff were able to sufficiently allege a conspiracy between the Defendants and the Judicial Defendants sufficient to satisfy the state actor requirement, it is questionable whether Plaintiff would be able to demonstrate that his constitutional right to due process was violated since Plaintiff was involved in a proceeding from which an appeal was allowable. *See Hammond v. Creative Financial Planning Organization, Inc.,* No. CIV.A.91–2257, 1992 WL 176404, *2 (E.D.Pa. July 15, 1992) (plaintiff failed to state a claim for denial of due process where the alleged

deprivation occurred during the course of litigation from which an appeal was possible).

Regarding Plaintiff's allegations that he was denied custody of his son, by Plaintiff's own admission, the Berks County Court Judges made no finding regarding custody. Instead, the Court found that it did not have jurisdiction to hear those claims. Therefore, it is questionable whether Plaintiff has sufficiently alleged that any constitutional rights were violated sufficient to satisfy the requirements of a § 1983 claim.

*E. State Law Claims Against All Defendants*

Since the federal claims against all of the Defendants have been dismissed we must decide whether to exercise supplemental jurisdiction over the state law claims. A court "may decline to exercise supplemental jurisdiction [over state law claims] if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). We decline to exercise supplemental jurisdiction over Plaintiff's potential state law claims and thus dismiss those claims. Plaintiff may re-file the state law claims in the proper state court.

## CONCLUSION

An appropriate order follows.

## ORDER

AND NOW, this 27th day of January, 1999, upon consideration of the Defendants' Motions to Dismiss Plaintiff's Complaint and Plaintiff's responses thereto, it is hereby ORDERED that the federal claims against the defendants are DISMISSED as follows:

1) Defendants, Judge Frederick Edenharter and Judge Arthur E. Grim's, Motion to Dismiss is GRANTED based on judicial immunity;

2) Defendants, Paula Szortyka and Maureen Barden's, Motions to Dismiss are GRANTED based on prosecutorial immunity;

3) Defendants, Donald M. Leembruggen and Barry and Nilsson's, Motion to Dismiss is GRANTED based on lack of personal jurisdiction;

4) Defendants, Randy A. Rabenold, Baskin, Leisawitz, Heller and Abramowitch, P.C., and Julie Panayotides', Motions to Dismiss are GRANTED based on failure to state a claim upon which relief can be granted.

It is further ORDERED that, in accordance with the Court's ruling dismissing the federal claims, the state law claims are DISMISSED WITHOUT PREJUDICE.