

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-21-2006

# Brown v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4485

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Brown v. Philadelphia" (2006). *2006 Decisions.* Paper 857.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/857

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO: 05-4485

STANLEY E. BROWN,

Appellant
v.

CITY OF PHILADELPHIA; EMMET FITZPATRICK, Individually and in his official
capacity as District Attorney of Philadelphia County and for City of Philadelphia;
ROGER KING, His Assistant District Attorney; LYNNE ABRAHAM, His Predecessor
and Successors in Office District Attorney; CATHERINE MARSHALL, Her Assistant
District Attorney Individually and in their official capacity as District Attorney and
Assistant District Attorney of Philadelphia County and for City of Philadelphia;
ATTILIO PASCALI, Badge No. 755; ALBERT PARIS, Badge No. 929, individually and
in their official capacities as Police Detectives for City of Philadelphia; JOHN A. GEISZ,
Individually and in his office capacity as Trial Judge; EDWARD J. BLAKE, PCHA
Judge; DAVID N. SAVITT, PCHA Judge, In their individual and official capacities as
PCHA Judges and for the City of Philadelphia Court of Common Pleas; JOSEPH C.
SANTAGUIDA, Trial Counsel; MICHAEL A. SEIDMAN, Direct Appeal to Supreme
Court; ESQUIRE NORRIS E. GELMAN, on PCHA

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-05163)
District Court Judge:  Honorable Berle M. Schiller

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 16, 2006

Before:  FISHER, ALDISERT and WEIS, <u>CIRCUIT JUDGES</u>

Filed:    June 21, 2006

_____

OPINION
_____

PER CURIAM.

This appeal arises from the District Court's order dismissing Appellant Stanley Brown's civil rights complaint. For reasons substantially similar to those given by the District Court, we will affirm.

The parties are familiar with the facts and, thus, we only briefly recite them here. On November 17, 1976, a jury found Brown guilty of second-degree murder, robbery, possession of an instrument of crime, and conspiracy for the robbery and murder of an insurance agent in Philadelphia. He was sentenced to life in prison. His direct appeals, numerous post-conviction petitions, and federal habeas petitions have all failed to overturn or modify the conviction or sentence in any way.

In November 2004, Brown filed a complaint under 42 U.S.C. §§ 1983, 1985, and 1986 against nearly every person involved in his arrest, trial, conviction, and appeals. He alleges numerous counts of fraud, conspiracy, and constitutional deprivations. The District Court divided the Defendants into five classes: (1) the City of Philadelphia; (2) Lynne Abraham, Emmet Fitzpatrick, Catherine Marshall, and Roger King of the District Attorney's Office ("the DAO Defendants"); (3) Philadelphia Police Officers Pascali and Paris; (4) Judicial Defendants John Geisz, Edward Blake, and David Savitt; and (5) Attorneys Sataguida, Seidman, and Gelman. The DAO Defendants, the

2

Judicial Defendants, and the Attorneys filed motions to dismiss, which the District Court granted. It also dismissed the claims against the City and the Police Officers as frivolous.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and exercise de novo review. See Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 559 (3d Cir. 2002) (motion to dismiss); Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (dismissal as frivolous). First, we agree with the District Court that the DAO Defendants are immune, but for slightly different reasons. To the extent that Brown raises claims against the DAO Defendants for acts "intimately associated with the judicial phase of the criminal process," (Compl. at ¶¶ 36, 38, 39, 45, 46, 129, 135, 139, and 144-45), they are protected by absolute immunity. See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). However, the convoluted nature of Brown's filings makes it difficult to discern his precise allegations. Assuming that he alleges that the Defendants acted within an administrative capacity, i.e., in a manner not associated with the judicial phase of the criminal process, (Compl. at ¶¶ 108-09), the DAO Defendants may be entitled to qualified immunity only. Still, because Brown fails to show any basis to conclude that the conduct at issue was not objectively reasonable, qualified immunity applies and the claims were correctly dismissed. See Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992).

With respect to the Judicial Defendants, other than the alleged conspiracy charges, for which Brown provides no support, see Panayotides v. Rabenold, 35 F. Supp. 2d 411, 419 (E.D. Pa. 1999) aff'd 210 F.3d 358 (3d Cir. 2000) (citing Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989) (requiring a conspiracy charge to be pled with specificity)),

3

the District Court properly found that they are entitled to absolute immunity. See Mireles v. Waco, 502 U.S. 9, 9-12 (1991). Although Brown alleges that Judge Geisz was without jurisdiction, one of the two exceptions to judicial immunity, id., Brown fails to explain why. Moreover, the record does not support such a conclusion.

With respect to the Attorney Defendants, generally, a defense attorney is not a state actor for the purposes of § 1983. See generally Polk County v. Dodson, 454 U.S. 312, 325 (1981) (public defenders). Defense counsel still may be sued for civil rights violations if he conspires with a state actor, irrespective of whether the co-conspiratorial state actor is himself immune from suit. See Tower v. Glover, 467 U.S. 914, 916 (1984); Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). Tower does not help Brown. None of his asserted claims state facts with sufficient specificity to raise any inference of a conspiracy.

Finally, the District Court properly dismissed the claims against the City of Philadelphia and the Police Officers. The District Court held that because success on any of Brown's claims would necessarily imply the invalidity of his conviction, they are barred under Heck v. Humphrey, 512 U.S. 477, 487 (1994). We agree that the claims should be dismissed, but disagree with the District Court's reasoning with respect to the claims against the Police Officers. A successful claim against the Officers would not necessarily invalidate Brown's conviction because an arrest without probable cause does not necessarily invalidate a lawful conviction. See Torres v. McLaughlin, 163 F.3d 169, 176 (3d Cir. 1998). However, his claims against the Officers are time-barred because the

4

claims accrued at the point of the alleged unlawful arrest.  See id.; see also Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 457 n.9 (3d Cir. 1996) (explaining that state statutes of limitation apply to claims under § 1983); 42 Pa. Cons. Stat. Ann. § 5524(1) (establishing a two-year limitation period for false arrest).

Accordingly, we will affirm the order of the District Court.