Rose STERNGASS and Rubin Sterngass, Plaintiff,

v.

Robert H. BOWMAN, Leslie F. Bollman, Edgar Lawrence, Mark R. Papenmeyer, "Peggy Reis", "Kathy Kolka", Richard E. Gardner, John A. Costa, Phillip B. Fogel, Town of Clarkstown, George S. Gerber, John T. Piacentile, Charles E. Holbrook, John R. Maloney, Nicholas A. Longo, Theodore Dusanenko, Edward Lettre, and William J. Carey, Defendants.

No. 82 Civ. 4303 (KTD).

United States District Court, S.D. New York.

April 19, 1983.

Rose Sterngass and Rubin Sterngass plaintiffs pro se.

Harold Y. MacCartney, Jr., Deputy Town Atty., Town of Clarkstown, New City, N.Y., for defendants.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge.

Rose and Rubin Sterngass, proceeding *pro se,* brought this suit under 42 U.S.C. § 1983 against the Town of Clarkstown, New York, the Clarkstown Town Board, and 17 individual town employees to obtain redress for alleged violations of their constitutional rights. The Sterngasses claim that the defendants' failure to approve or act upon certain proposed housing and sewer projects denied them due process and equal protection of the laws. Defendants have moved for summary judgment or judgment on the pleadings. Upon reviewing the Sterngasses' complaint and the papers submitted on the motion, I conclude that the Sterngasses lack standing to prosecute the claims they make. Accordingly, the defendants' motion, treated as a Rule 12(b)(1) motion for dismissal, is granted.

The Sterngasses' complaint alleges five violations of constitutional rights. In "Violation No. 1" the Sterngasses allege that on July 3, 1979, Rubin Sterngass "as agent for the corporate [sic]," applied to the Clarkstown Zoning Board of Appeals ("ZBA") for approval of a proposed high-density low income housing project to be built upon land not zoned for such a use. The Sterngasses allege that the ZBA has not yet acted upon Rubin's application (Appeal No. 1408), because Clarkstown's Building Inspector, the defendant Robert Bowman, and several other town employees have con-

spired to keep the application off of the ZBA's agenda. The Sterngasses allege that the conspiracy between Bowman and the other employees denied them due process and equal protection. The defendants' affidavits and supporting documents indicate that R.S.C.A. Realty Corp., Development Enterprises, Inc., ARC Associates, and Mitchell and Cris Gusler, and not the Sterngasses, own the property involved in Appeal No. 1408. Indeed, the Sterngasses do not claim personal ownership of the property, but do indicate, in an affidavit submitted in opposition to the defendants' motion, that Rubin Sterngass is the sole shareholder of one of the corporate owners.

"Violation No. 2" of the complaint alleges that the "Chief" of the Clarkstown Department of Environmental Control, the defendant Leslie Bollman, arbitrarily classified the proposed housing project as a "subdivision" subject to New York's State Environmental Quality Review ("SEQR") Act. The Sterngasses allege that Bollman's determination requires them to complete the SEQR review process before the ZBA can act on the application. The Sterngasses apparently concede that they have not provided the documents required for SEQR review. They allege, however, that SEQR does not apply to their project, and that Bollman's decision that it does apply violated their rights to due process and equal protection.

Prior to 1979, the Sterngasses operated for the corporate property owners a different low income housing project at the site of the proposed new project. "Violation No. 3" partially concerns events occurring during the operation of the previous project. The Sterngasses allege that Building Inspector Bowman's citation of the property owners for housing code violations at the previous project, together with his refusal to permit ZBA action on the new project, "caused the denial of the benefits of Equal Housing guaranteed to all Americans." They also allege that Bowman denied them due process by conducting unscheduled inspections of the previous project and announcing to the tenants that the project might be closed due to housing violations.

In "Violation No. 4", the Sterngasses allege that Town Supervisor Theodore Dusanenko, Town Attorney John Costa, and Deputy Town Attorney Phillip Fogel conspired to prevent Town Board approval of a proposed improvement district which would have constructed sewers and storm drains on the property covered by Appeal No. 1408 and certain adjacent realty. Although the Sterngasses do not specify what rights this conspiracy denied them, they apparently are alleging a denial of due process. The defendants' unrebutted documents and affidavits indicate that although R.S.C.A. Realty Corp. and Development Enterprises, Inc., owned property within the proposed improvement district, the Sterngasses did not personally own any property within the district, nor did they, as individuals, sign the petition in support of the district.

"Violation No. 5" apparently alleges that Town Board members William Carey, John Maloney, and Charles Holbrook denied the Sterngasses due process by failing to stop an alleged conspiracy between Supervisor Dusanenko and an attorney in private practice to stop the improvement district discussed in "Violation No. 4."

■ The defendants argue that the Sterngasses lack standing to assert any of the claims they make. I agree. As a minimum constitutional mandate, Article III requires a plaintiff "to 'show that he *personally* has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.'" *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982) (quoting *Gladstone, Realtors v. Village of Bellwood,* 441 U.S. 91, 99, 99 S.Ct. 1601, 1608, 60 L.Ed.2d 66 (1979)) (emphasis supplied). Even if a plaintiff does show a degree of personal injury sufficient to satisfy Article III's "case or controversy" requirement, the Supreme Court has held, as a matter of prudential limitation on federal court jurisdiction, that a plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343

(1975). These principles clearly require dismissal of the Sterngasses' complaint.

Although the Sterngasses frame their complaint in terms of claimed violations of their personal rights, the wrongs complained of in "Violations" 1, 2, 4, and 5, if they occurred, operated not against the Sterngasses as individuals, but against the owners of the realty covered by Appeal No. 1408. "Violation No. 1" alleges a conspiracy to prevent ZBA approval of the proposed housing project; "Violation No. 2" individual action by a town official to prevent ZBA approval; "Violation No. 4" a conspiracy to prevent construction of sewers and drains on the property; and "Violation No. 5" willful failure by Town Board members to stop the latter conspiracy. In substance, "Violations" 1, 2, 4, and 5 contend that town officials and employees have unconstitutionally prevented the use and improvement of the property at issue. Clearly the property owners could bring suit to complain of such wrongs. The Sterngasses, however, do not personally own any property covered by Appeal No. 1408 or within the proposed improvement district. The Sterngasses' personal rights thus have not been affected, and they may not sue under section 1983 to vindicate the rights of third-party property owners not present in this suit. *See Javits v. Stevens,* 382 F.Supp. 131, 135 (S.D.N.Y.1974) ("(O)ne may not sue under 42 U.S.C. § 1983 for deprivation of another's constitutional rights." (footnote omitted). *Accord, Carter v. Romines,* 560 F.2d 395 (8th Cir.1977), *cert. denied,* 436 U.S. 948, 98 S.Ct. 2854, 56 L.Ed.2d 791 (1978); *O'Malley v. Brierley,* 477 F.2d 785, 789 (3rd Cir.1973).

Rubin Sterngass' status as sole shareholder of one of the corporate owners of the property covered by Appeal No. 1408 does not confer standing. As corporations are "persons" for purposes of the due process and equal protection clauses of the Fourteenth Amendment, *Grosjean v. American Press Co.,* 297 U.S. 233, 244, 56 S.Ct. 444, 446–47, 80 L.Ed. 660 (1936), a corporation may itself bring suit under section 1983 for alleged infringements of its rights to due process and equal protection. *See, e.g., Fulton Market Cold Storage Co. v. Culler-*

*ton,* 582 F.2d 1071, 1079 (7th Cir.1978), *cert. denied,* 439 U.S. 1121, 99 S.Ct. 1033, 59 L.Ed.2d 82 (1979); *Merco Properties, Inc. v. Guggenheimer,* 395 F.Supp. 1322, 1325 (S.D.N.Y.1975). The right of a corporation to bring suit under section 1983 eliminates the need for recognition of a right in shareholders to bring suit on the corporation's behalf. Accordingly, the federal courts consistently have held that a corporate officer or shareholder, regardless of his position or degree of share ownership, cannot prosecute his corporation's section 1983 claims. *See Smith v. Martin,* 542 F.2d 688, 690 (6th Cir.1976), *cert. denied,* 431 U.S. 905, 97 S.Ct. 1697, 52 L.Ed.2d 388 (1977); *Erlich v. Glasner,* 418 F.2d 226 (9th Cir.1969); *Marty's Adult World of New Britain, Inc. v. Guida,* 453 F.Supp. 810, 813 (D.Conn.1978); *Merco Properties, Inc. v. Guggenheimer,* 395 F.Supp. 1322, 1325 (S.D.N.Y.1975). This rule holds true even though the wrong to the corporation threatens the officer or shareholder with financial loss. *Sawmill Prod., Inc. v. Town of Cicero,* 477 F.Supp. 636, 639 (N.D.Ill.1979); *Marty's Adult World,* 453 F.Supp. at 813. The Sterngasses do not allege an injury to themselves independent of the injury suffered by the corporate property owners. I thus find that the Sterngasses lack standing to assert the claims made in "Violations" 1, 2, 4, and 5.

"Violation No. 3" must be dismissed on several grounds. The first part of "Violation No. 3" alleges that Building Inspector Bowman has "caused the denial of the benefits of Equal Housing guaranteed to all Americans." The Sterngasses never clarify whether Bowman allegedly violated the equal protection clause, the Fair Housing Act, or some other statute or Act, nor do they specify precisely whose rights have been violated. The first part of "Violation No. 3" is so vague as to violate Fed.R.Civ.P. 8(a)(2)'s requirement that the pleader set out a "short and plain statement of the claim showing that (he) is entitled to relief." In any event, the Sterngasses do not allege infringement of their personal rights, but only of the rights of a large, ill-defined class of third persons. Plainly, the Sterngasses do not have standing to assert those persons' rights. In the second

part of "Violation No. 3" the Sterngasses allege that Bowman's inspections of the previous housing project denied them due process. However, if the inspections violated the law, the rights infringed were those of the property owners, and not the Sterngasses'. It appears, moreover, that the last of Bowman's inspections that the Sterngasses complain of occurred on May 22, 1979. As the Sterngasses commenced this action on July 1, 1982, their claims regarding the inspections are barred by the three-year limitations period provided by C.P.L.R. § 214(2). *Pauk v. Board of Trustees of City Univ. of New York,* 654 F.2d 856, 861 (2d Cir.1981), *cert. denied,* 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982).

Because I find that the plaintiffs have no standing, the defendants' other arguments need not be considered.

Accordingly, the complaint is dismissed.

SO ORDERED.