TONY GENTILE v. TOWN OF KURE BEACH, LEE WRENN, NORRIS TEAGUE, ED JONES, LARRY WILLOUGHBY, TOM CAUSBY, AND CLARENCE ROBBINS, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY

No. 875SC571

(Filed 6 September 1988)

**Constitutional Law § 13.1— unqualified building inspector—negligence of town— building contractor's constitutional rights not violated**

The trial court properly entered summary judgment for defendant in plaintiff building contractor's action alleging that defendant town negligently hired an unqualified building inspector whose erroneous decisions deprived plaintiff of property in violation of his rights under the Constitution and under 42 U.S.C. § 1983, since the owner of the property affected rather than a disappointed building contractor should bring an action under § 1983 challenging a building inspector's decision; plaintiff did not show that he had any other interest in property affected by the inspector's decisions, as the decisions did not result in "loss of employment"; and the building inspection process is appropriately governed by state procedures rather than by federal statutes or the U.S. Constitution.

APPEAL by plaintiff from *Tillery, Judge*. Judgment entered 9 March 1987 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 2 December 1987.

*Bruce H. Robinson, Jr., for plaintiff appellant.*

*Marshall, Williams, Gorham & Brawley by A. Dumay Gorham, Jr. and Charles D. Meier; and Andrew A. Canoutas for defendant appellees.*

COZORT, Judge.

Plaintiff filed this action alleging that the Town of Kure Beach negligently hired an unqualified building inspector whose erroneous decisions deprived plaintiff of property in violation of his rights under the Constitution and laws of the United States. Plaintiff's complaint alleged, among other things, violations of 42 U.S.C. § 1983. The trial court granted summary judgment in favor of defendants. We affirm.

Plaintiff is a building contractor. Defendant Clarence Robbins was the building inspector for defendant Town of Kure Beach from sometime prior to the spring of 1984 until 1 June 1984, when he resigned. In his complaint, plaintiff alleges that the Town,

through the actions of defendant members of the Town Council, negligently hired, supervised, and retained Robbins, whose erroneous decisions as building inspector caused plaintiff to sustain business losses in the form of increased construction costs and lost profits. Plaintiff filed a civil complaint against the Town, Robbins, and members of the Town Council, individually and in their official capacities, alleging deprivation of rights secured by the federal and state constitutions, violation of 42 U.S.C. § 1983, and malicious interference with contract. After filing an answer denying plaintiff's allegations and after conducting discovery, defendants moved for summary judgment. The motion was granted in defendants' favor.

On appeal, plaintiff argues only that the trial court erred in its summary judgment ruling on the liability of the Town under 42 U.S.C. § 1983. Rule 28 of the Rules of Appellate Procedure provides that questions not presented and discussed in a party's brief are deemed abandoned. Rule 28(a), N.C. Rules App. Proc.; *Love v. Pressley*, 34 N.C. App. 503, 239 S.E. 2d 574 (1977), *disc. rev. denied*, 294 N.C. 441, 241 S.E. 2d 843 (1978). Therefore, only the issue of the Town's liability under § 1983 is before us.

A motion for summary judgment should be allowed and is looked upon with favor when the evidence reveals that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56; *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). Upon examining the pleadings, depositions, and other discovery materials, together with the affidavits filed in support of defendants' motion, *see Whitley v. Cubberly*, 24 N.C. App. 204, 210 S.E. 2d 289 (1974), and drawing all inferences in favor of plaintiff, *id.*, we conclude that the trial court was correct in holding that the Town was entitled to a judgment as a matter of law.

Section 1983 of Title 42 of the U.S. Code provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be

liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (1982).

Two elements must be proved in order for a plaintiff to recover under § 1983: (1) that defendant has deprived plaintiff of a right secured by the Constitution and laws of the United States, and (2) that defendant has acted under color of law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 26 L.Ed. 2d 142, 90 S.Ct. 1598 (1970); *Chiplin Enterprises, Inc. v. City of Lebanon*, 712 F. 2d 1524, 1526-27 (1st Cir. 1983), *citing Parratt v. Taylor*, 451 U.S. 527, 535, 68 L.Ed. 2d 420, 101 S.Ct. 1908, 1912 (1981). We find plaintiff has failed to forecast evidence sufficient to establish the first element.

Municipalities are "persons" under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 56 L.Ed. 2d 611, 98 S.Ct. 2018 (1978). However, a municipality is not liable simply because it employs a tortfeasor. *Id.* Rather, it is directly liable for its actions in implementation of a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690, 56 L.Ed. 2d at 635, 98 S.Ct. at 2035-36. Plaintiff contends that the Town had a policy of negligently hiring, retaining, and supervising its building inspector, who was unqualified and whose decisions deprived plaintiff of constitutionally protected property interests. Even if plaintiff could prove that the Town's single, allegedly negligent hiring error amounted to a "policy," plaintiff's action must fail.

Section 1983 creates no substantive rights in and of itself; rather, it is a vehicle for enforcing federally protected rights derived from other sources. *Irby v. Sullivan*, 737 F. 2d 1418, 1727 (5th Cir. 1984). It appears that plaintiff seeks to invoke his rights under the Fourteenth Amendment, specifically the clause providing that a state shall not deprive any person of property without due process of law. U.S. Const. Amend. XIV. Property interests protected by the Fourteenth Amendment, and hence by § 1983, are created and defined by other sources, such as state law. *Board of Regents v. Roth*, 408 U.S. 564, 577, 33 L.Ed. 2d 548, 561, 92 S.Ct. 2701, 2709 (1972).

N.C. Gen. Stat. § 160A-388 sets forth the statutory scheme by which an individual may challenge decisions of building inspectors. Section (b) of N.C. Gen. Stat. § 160A-388 provides:

> The board of adjustment shall hear and decide appeals from and review any order, requirement, decision, or determination made by an administrative official charged with the enforcement of any ordinance adopted pursuant to this Part. An appeal may be taken by any person aggrieved or by an officer, department, board, or bureau of the city.

In *Pigford v. Board of Adjustment,* 49 N.C. App. 181, 270 S.E. 2d 535 (1980), *disc. rev. denied and app. dismissed,* 301 N.C. 722, 274 S.E. 2d 230 (1981), this Court dismissed the complaint because petitioner did not allege that she was the owner of the property affected by the building inspector's decision. Therefore, the owner of the property affected, not a disappointed building contractor, has an interest protected under the North Carolina statute.

Federal courts have likewise required that the owner of the property bring an action under § 1983 challenging a building inspector's decision. *See Sterngass v. Bowman,* 563 F. Supp. 456 (S.D.N.Y.), *aff'd mem.,* 742 F. 2d 1440 (2d Cir. 1983), *cert. denied,* 469 U.S. 823, 105 S.Ct. 100, 83 L.Ed. 2d 45 (1984); *Eaton v. City of Solon,* 598 F. Supp. 1505 (N.D. Ohio 1984). In *Sterngass,* a sole shareholder of a corporate owner of property, which was the site of a proposed housing project, brought a § 1983 action against a town, the town board, and the building inspector. In dismissing plaintiff's complaint for lack of standing, the court ruled, in part, that, "if the inspections violated the law, the rights infringed were those of the property owners, and not the Sterngasses'." *Sterngass,* 563 F. Supp. at 460. *See also Eaton,* 598 F. Supp. at 1524.

Plaintiff stated in his deposition that he was not the owner of any of the property that was the subject of an inspection decision rendered by Robbins. Therefore, the building inspector's decisions did not affect a property interest belonging to plaintiff as defined by state law.

Nor has plaintiff come forward with any evidence that decisions made by the building inspector affected any other property in which he had an interest cognizable under § 1983. Exhibits at-

tached to plaintiff's complaint present five instances in which plaintiff allegedly suffered a "loss of employment." The first instance, involving the construction of a porch for a mobile home, took place, according to the complaint and plaintiff's deposed testimony, in May of 1982. His complaint was filed on 21 June 1985, more than three years later. The statute of limitations applicable in § 1983 actions is the State's statute governing personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 85 L.Ed. 2d 254, 105 S.Ct. 1938 (1985). North Carolina law provides a three-year statute of limitations for personal injury actions. N.C. Gen. Stat. § 1-52. Therefore, plaintiff's claim is barred with respect to the May 1982 "loss of employment."

Two other instances of "loss of employment" involved Robbins' decisions concerning the property owners' applications for building permits. In one instance, Robbins denied an application for a permit to build a motel. The owner of the property at issue appealed Robbins' decision, pursuant to N.C. Gen. Stat. § 160A-388; both the Board of Adjustment and the New Hanover County Superior Court upheld the rejection. This Court, in an unpublished decision, *Bodenhamer v. Town of Kure Beach*, 70 N.C. App. 494, 320 S.E. 2d 441 (1984), affirmed. In the other instance, Robbins issued a permit for a motel, which plaintiff then constructed for the property owners. Plaintiff alleges that Robbins erroneously required him to include a firewall in the structure. The property owner, however, never appealed that requirement. As discussed above, the property interest affected by Robbins' decision was that of the owner, who had a statutory appeal remedy. Absent a successful appeal, plaintiff, as contractor, was required to comply with the Town's construction standards.

The two remaining allegations of "loss of employment" involved construction contracts that plaintiff allegedly lost because of his difficulties with Robbins. In his deposition plaintiff stated that one of these potential projects "never came off—for what reason, I don't know." Plaintiff also admitted that the project was never built because the owner "ran into sewer problems." Defendants' unchallenged affidavits from the present and former building inspectors for the Town show that no building permit was ever applied for or discussed. As for the other project, the construction of an addition to a local motel, plaintiff contends that he lost the bid to construct the project because Robbins erroneously

informed him that a firewall would be required, which caused plaintiff to submit a high bid and lose the job. The owners stated in affidavits submitted by defendants that they secured bids only because their banker requested that they do so in order to determine the cost of their project. They further stated that they never intended to hire plaintiff or any other general contractor, having planned to subcontract the project themselves. Thus, as to these latter two instances of "loss of employment," plaintiff had nothing more than a mere expectation that he would be awarded the contracts, which is insufficient to establish a property interest protected by the U. S. Constitution or § 1983. As the U. S. Supreme Court has stated, plaintiff must have more than a "unilateral expectation" of a property interest; he must have a "legitimate claim of entitlement to it." *Board of Regents v. Roth*, 408 U.S. at 577, 33 L.Ed. 2d at 561, 92 S.Ct. at 2709.

In addition, not all violations of state law arise to the level of a constitutional tort. *Paul v. Davis*, 424 U.S. 693, 700, 47 L.Ed. 2d 405, 413, 96 S.Ct. 1155, 1160 (1976). Plaintiff has cited no authority for the proposition that the reach of § 1983 should extend to cover allegations that a building inspector's erroneous decisions amount to the taking of property without due process. To the contrary, as the First Circuit has noted, "the conventional planning dispute — at least when not tainted with fundamental procedural irregularity, racial animus, or the like — which takes place within the framework of an admittedly valid state subdivision scheme is a matter primarily of concern to the state and does not implicate the Constitution." *Creative Environments, Inc. v. Estabrook*, 680 F. 2d 822, 833 (1st Cir.), *cert. denied*, 459 U.S. 989, 74 L.Ed. 2d 385, 103 S.Ct. 345 (1982). The First Circuit has utilized this reasoning to deny redress under § 1983 to a property owner whose application was determined to have been erroneously denied, resulting in a five-year delay in the project. *See Chiplin Enterprises, Inc. v. City of Lebanon*, 712 F. 2d 1524 (1st Cir. 1983). *See also Chongris v. Board of Appeals*, 811 F. 2d 36 (1st Cir. 1987), *cert. denied*, --- U.S. ---, 97 L.Ed. 2d 765, 107 S.Ct. 3266 (1987), and *Crocker v. Hakes*, 616 F. 2d 237 (5th Cir. 1980), holding that state procedures through which building inspector decisions may be appealed satisfy the demands of the Fourteenth Amendment. Plaintiff, a building contractor disappointed by the decisions of the Town's building inspector, has no greater rights than the

owner of the realty that is the subject of the building inspector's decision.

For the foregoing reasons, the trial court's entry of summary judgment for the defendants is

Affirmed.

Judges BECTON and EAGLES concur.