**B.J. MARCHESE, Plaintiff,**

v.

**Robert UMSTEAD, Borough of Royersford, and Jennifer Walters Brown, Defendants.**

**No. 00–1253.**

United States District Court,
E.D. Pennsylvania.

Aug. 24, 2000.

---

James J. Oliver, Norristown, PA, for Plaintiff.

Andrew J. Bellwoar, Exton, PA, for Defendant.

### *MEMORANDUM*

LOWELL A. REED, Jr., Senior District Judge.

Plaintiff B.J. Marchese ("Marchese") brought this action pursuant to 42 U.S.C. § 1983 ("section 1983"), alleging that his civil rights were violated by defendants Robert Umstead ("Umstead"), the Borough of Royersford ("Borough"), and Jennifer Walters Brown ("Brown"). Marchese also asserts various state law claims. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367. It is undisputed that the law of Pennsylvania applies to the state law claims.

Presently before the Court are the motions of defendants Umstead and the Borough to dismiss for lack of standing (Document No. 7), the motion of defendant Brown to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 9), and the motion of plaintiff B.J. Marchese to amend the complaint, joining B.J. Marchese Chevrolet and adding a claim for negligent infliction of emotional distress (Document No. 10).

## I. BACKGROUND

Plaintiff Marchese is the president and owner of B.J. Marchese Chevrolet, a Chevrolet dealership in Royersford, Pennsylvania. (Complaint at ¶ 6). Marchese alleges that he has been victim to a "pattern of harassment and disparate treatment." (Complaint at ¶ 12). Marchese claims that the adverse actions began when he wanted to park some vehicles "for sale" on a commercial lot on his property. (Complaint at ¶ 12). The complaint alleges that the Borough required him to submit, on behalf of the dealership, an expensive and unnecessary land development plan, a storm water runoff plan, and required that the lot be paved with black top. (Complaint at ¶ 12). Marchese claims that the defendants treated him differently from other citizens when it required him to take these steps. (Complaint at ¶ 13). Marchese also alleges that defendants singled him out and required him to remove the flashing lights on the dealership's sign, allegedly in violation of an ordinance, even though other businesses were not required to remove similar lights. (Complaint at ¶ 14). In addition, the complaint alleges that during the past four years, Marchese had routinely parked vehicles for sale "near the roadway which is the entrance to his business establishment," but that defendants invoked a "remote ordinance regarding sidewalks" to harass him and causing a criminal citation to be issued to the dealership. (Complaint at ¶¶ 15 & 19).

Specifically, Marchese alleges that on or about November 26, 1999, defendant Umstead instructed Sergeant Shurr of the Borough of Royersford Police Department to issue a criminal citation against plaintiff because of the allegedly illegally parked cars. (Complaint at ¶ 21). Sergeant Shurr issued the a citation citing a violation of 18 Pa.C.S.A. § 5507, "Obstructions on Highways and Other Public Passages." (Complaint at ¶ 22). Marchese claims that he tried to discuss matters with various Borough officials but that they continuously refused to meet with him. (Complaint at ¶ 24). Marchese also claims that he volunteered to move his vehicles from the sidewalk with the understanding that the citation would be withdrawn, but that the citation was not withdrawn even after he moved the vehicles. (Complaint at ¶¶ 28 & 29). Marchese alleges that the reason the citation was not withdrawn was that defendants Brown and Umstead insisted that the police officer go forward with the criminal hearing. (Complaint at ¶ 32). Marchese also alleges that Brown and Umstead "forced" officer Shurr to testify and that they refused to settle the matter as moot. (Complaint at ¶ 33). Marchese further alleges that there was no basis for the citation, that the officer had no authority to proceed, and that the officer admitted that he had not confirmed whether the borough had any legal basis for ordering the dealership to remove its vehicles from the sidewalk. (Complaint at ¶¶ 34 & 35).

Marchese alleges that although the criminal charge was dismissed at the hearing, the harm he suffered in receiving the citation was substantial and caused him emotional distress.[2] Marchese also alleges that an individual found guilty of the offense for which he was cited could face imprisonment. (Complaint at ¶ 23). Finally, Marchese also alleges that a criminal record could cause the loss of his dealership license and that the criminal citation was issued with the express intent to cause him fear about jail and worry about the loss of his livelihood. (Complaint at ¶¶ 40, 73, 74). It is undisputed, however, that the citation was issued to B.J. Marchese Chevrolet, and not to Marchese himself.

## II. PROCEDURAL HISTORY

Plaintiff, as an individual, brought this action on March 8, 2000, against the Borough of Royersford as well as Robert Umstead, the Borough Manager, and Jennifer Walters Brown, the Borough's Solicitor, in

---

**2.** There is no information before the Court regarding the hearing other than that the

outcome of the hearing was the dismissal of the criminal citation.

their official and individual capacities. Defendants have moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The main thrust of defendants' argument is that Marchese, as an individual, lacks standing to bring the case because the citation was issued to "B.J. Marchese Chevrolet," the business, not B.J. Marchese, the individual. (Brief of Defendants Robert Umstead and Borough of Royersford in Support of the Motion to Dismiss Plaintiff's Complaint ("Umstead Mem."), at 2) and (Brief in Support of Defendant Jennifer Walters Brown's Motion to Dismiss ("Brown Mem."), at 3).

In response to the motions to dismiss, Marchese seeks leave to amend his complaint in order to add B.J. Marchese Chevrolet, a Pennsylvania corporation ("the automobile dealership") as a plaintiff and to add a count for negligent infliction of emotional distress. (Plaintiff's Petition to Amend Complaint ("Petition to Amend"), at ¶ 3). Defendants state that they have no objections to plaintiff "substituting" the automobile dealership as the plaintiff in the suit, but that they object to Marchese, the individual, remaining a party to the suit because he lacks standing. (Brief of Defendants Robert Umstead and Borough of Royersford in Opposition to Plaintiff's Petition to Amend Complaint ("Umstead Opposition"), at 1); (Brief of Defendant Jennifer Brown in Opposition to Plaintiff's Petition to Amend Complaint ("Brown Opposition"), at 2).

## III. JOINDER

In a partial response to the motion to dismiss, plaintiff seeks to add the corporation B.J. Marchese Chevrolet as a plaintiff. Federal Rule of Civil Procedure 21 governs the joinder of an additional plaintiff.[3] *See* 7 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE &

PROCEDURE § 1687–87. The Rule provides that "[p]arties may be dropped or added by order of the court on motion by any party or of its own motion at any stage of the action on such terms as is just." Fed. R.Civ.P. 21. The determination of a Rule 21 motion is wholly within the sound discretion of the trial judge. *Miller v. Hygrade Food Prods. Corp.*, 89 F.Supp.2d 643 (E.D.Pa.2000) (seeking to add named plaintiffs to class action); *Arch v. American Tobacco Co., Inc.*, 984 F.Supp. 830, 842 (E.D.Pa.1997); *Hawkins v. Fulton County*, 95 F.R.D. 88, 91 (N.D.Ga.1982).

There appears to be no opposition by the defendants to the inclusion of the corporation B.J. Marchese Chevrolet as a plaintiff. Indeed, the defendants have, by their arguments in their motions to dismiss and their partial opposition to the motion to amend, implied that the dealership is the proper party to bring this action. This Court finds that many of the allegations involve conduct by the defendants directed at the corporation B.J. Marchese Chevrolet and therefore it is a proper plaintiff here. Accordingly, the Court will allow the inclusion of B.J. Marchese Chevrolet as a plaintiff.

## IV. MOTION TO AMEND

The amended complaint essentially tracks the language of the complaint other than making the allegations in the plural (to include the addition of B.J. Marchese Chevrolet) and the addition of a state law claim for negligent infliction of emotional distress. The amended complaint thus contains three federal claims as well as three state law claims: abuse of process and malicious prosecution (Count I); equal protection (Count II); conspiracy (Count IV); defamation (Count V); intentional infliction of emotional distress (Count VI); and negligent infliction of emotional distress (Count VII).[4]

---

**3.** The joinder of an additional defendant, however, would be governed by Fed.R.Civ.P. 15(c)(3). *See generally Childs v. City of Phila-*

*delphia,* 2000 WL 567240, 2000 U.S. Dist. LEXIS 6281, at *5 (E.D.Pa. May 9, 2000).

**4.** Plaintiff also purports to bring a "municipal liability" claim. (*See* Amended Complaint,

The decision whether to grant or deny a motion for leave to amend a complaint is within the sound discretion of the district court. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir.1997). The Federal Rules of Civil Procedure provide that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Indeed, in the absence of any apparent reason, "this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Kiser v. General Elec. Corp.,* 831 F.2d 423, 426–27 (3d Cir.1987), *cert. denied sub nom,* 485 U.S. 906, 108 S.Ct. 1078, 99 L.Ed.2d 238 (1988).

Factors that militate against granting leave to amend are "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment...." *Foman,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In assessing futility, the Court "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory,* 114 F.3d at 1434. Thus, in deciding whether an amendment is futile, a court must take all well pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Id.; Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969) (standard for motion to dismiss). Leave to file an amendment should only be denied if "it is clear that no relief could be granted under any set of facts that could be proved consistent with

the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (standard for motion to dismiss).

### A. Claims of Marchese

As the amended complaint contains the same allegations with respect to plaintiff Marchese, the Court will consider the arguments made by the defendants in their motions to dismiss as well as the issues raised in their opposition to the motion to amend in the context of evaluating whether and to what extent allowing the complaint to be amended is futile.[5]

### 1. Standing

"[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (citing *Barrows v. Jackson,* 346 U.S. 249, 255–256, 73 S.Ct. 1031, 97 L.Ed. 1586 (1953)). The Supreme Court has developed a detailed jurisprudence on the question of standing. The "irreducible constitutional minimum of standing" contains three requirements: (1) injury in fact; (2) causation; and (3) redressability. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 102–03, 118 S.Ct. 1003, 140 L.Ed.2d 210, (1998) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)); *Friends of the Earth v. Laidlaw Envtl. Servs.,* 528 U.S. 167, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

Defendants argue that Marchese lacks standing because the criminal citation was issued to the automobile dealership, B.J. Marchese Chevrolet, and not to Marchese

---

Count III). Municipal liability is not a cause of action but merely a distinct analysis of liability. Thus, the Court infers that this "Count" seeks to hold the Borough of Royersford liable for the alleged unconstitutional conduct of its agents or employees because they were acting pursuant to an alleged municipal custom and policy.

5. There is no contention that amending the complaint should be disallowed on grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party by virtue of allowance of the amendment.

himself. *See, e.g., Jordan v. Fox, Roths-child, O'Brien & Frankel,* 20 F.3d 1250, 1278 (3d Cir.1994); *Temp–Way Corp. v. Continental Bank,* 139 B.R. 299, 316–17 (E.D.Pa.1992), *aff'd,* 981 F.2d 1248 (3d Cir. 1992). I agree. Marchese's status as president and owner of the automobile dealership to which the citation was issued and which has been allegedly subject to disparate treatment does not confer standing upon him as an individual.

 "[I]t is well established that a stockholder, director, officer or employee of a corporation has no personal or individual right of action against third persons for damages that result indirectly to the individual because of an injury to the corporation." *Temp–Way,* 139 B.R. at 316–17 (citations omitted); *see also Tyler v. O'Neill,* 994 F.Supp. 603, 609 (E.D.Pa.1998); *KBT Corp. v. Ceridian Corp.,* 966 F.Supp. 369, 373 (E.D.Pa.1997); *Sterngass v. Bowman,* 563 F.Supp. 456, 459 (S.D.N.Y.), *aff'd* 742 F.2d 1440 (2d Cir.1983). Because corporations are "persons" for purposes of the due process and equal protection clauses of the Fourteenth Amendment, a corporation may itself bring suit under section 1983 for alleged infringements of its rights to due process and equal protection. *Grosjean v. American Press Co.,* 297 U.S. 233, 244, 56 S.Ct. 444, 80 L.Ed. 660 (1936); *Sterngass,* 563 F.Supp. at 459. Accordingly, "[t]he right of a corporation to bring suit under section 1983 eliminates the need for recognition of a right in shareholders to bring

suit on the corporation's behalf." *Sterngass,* 563 F.Supp. at 459. Thus, even though "an individual shareholder or employee may sustain harm incidental to the injury to the corporation," such a harm "does not confer standing upon him." *Jordan,* 787 F.Supp. 471, 474 (E.D.Pa. 1992) (citing *Warren v. Manufacturers Nat'l Bank,* 759 F.2d 542, 545 (6th Cir.1985)). In sum, "[a]n action for injury to a corporation must be pursued in the name of the corporation." *Id.* at 474 (citing *Warren,* 759 F.2d at 544).

One exception to this general rule is where the shareholder or officer suffers and injury separate and distinct from that suffered by the corporation as a result of the wrongdoer's actions. *Temp–Way,* B.R. at 317; *Total Care Sys., Inc. v. Coons,* 860 F.Supp. 236, 240 (E.D.Pa.1994). The harm alleged by plaintiff, however, is derivative of his being associated with a corporate entity which has been issued a citation. The harm, if any, exists only to the extent that plaintiff identifies himself with the automobile dealership bearing his name. Legally, however, the corporation is a separate and distinct entity. Although plaintiff alleges that defendants conduct was directed at him personally rather than the corporation, he has not delineated a concrete injury separate and distinct from that incurred by the automobile dealership as a result of the defendants tortious conduct.[6] *eds Adjusters, Inc. v. Computer Sci-*

---

6. Plaintiff argues that the harm he has suffered as the result of this citation was direct and that he has alleged a "personal stake" in the outcome of the controversy. (Plaintiff's Brief in Support of his Petition to Amend Complaint at 2). In order to show injury in fact, the plaintiff must allege, and eventually prove, a harm that is "concrete" and "actual or imminent," not "conjectural or hypothetical." *Steel Co. v. Citizens for a Better Env't.,* 523 U.S. 83, 103, 118 S.Ct. 1003, 140 L.Ed.2d 210 (quoting *Whitmore v. Arkansas,* 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990)). The "triad of injury in fact, causation, and redressability comprises the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction

bears the burden of establishing its existence." *Id.* at 103–04, 118 S.Ct. 1003.

Here, Marchese concedes that the injuries he alleges to have sustained as the result of the criminal citation were largely emotional ones and that, while the worry and fear may have been very real, they were nevertheless based on a conjectural footing. "[I]f the criminal case against the dealership had proceeded, as a result of the unconstitutional citation, there was a chance that plaintiff could have served some prison time. Also, had the plaintiff been convicted of a crime, the plaintiff would have lost his dealership license." (Plaintiff's Brief in Support of his Petition to Amend Complaint at 2–3). Thus, Marchese has failed to meet the first require-

*ences Corp.*, 818 F.Supp. 120, 122 (E.D.Pa. 1993). Thus, the motion to amend will be denied insofar as the amended complaint asserts claims on behalf of Marchese as an individual in Counts I–VI separate and apart from the corporation B.J. Marchese Chevrolet.

■ Marchese also seeks to amend the complaint to add a claim for negligent infliction of emotional distress. (Amended Complaint, Count VII). He seeks to add this claim in the event that the other claims are dismissed for lack of standing. Therefore, I address this claim separately.

### 2. Negligent Infliction of Emotional Distress

The negligent infliction of emotional distress is a cognizable tort in Pennsylvania. *See Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979); *Niederman v. Brodsky,* 436 Pa. 401, 261 A.2d 84 (1970); *Green v. Bryant,* 887 F.Supp. 798, 801–02 (E.D.Pa. 1995). However, there is some confusion regarding the bases upon which relief can be sought. *Brown v. Philadelphia College of Osteopathic Med.,* 449 Pa.Super. 667, 674 A.2d 1130, 1135 (1996). The tort has evolved largely in the context of those who observe an injury occurring to close family members and are distressed as a consequence of the shock. *Armstrong v. Paoli Memorial Hosp.,* 430 Pa.Super. 36, 633 A.2d 605, 609 (1993), *allocatur denied,* 538 Pa. 663, 649 A.2d 666 (1994). Courts have routinely required that a physical injury must be averred to sustain a cause of action for negligent infliction of emotional distress. *Id.; Hunger v. Grand Cent. Sanitation,* 447 Pa.Super. 575, 670 A.2d 173, 178 (1995). In *Hunger,* the Superior Court stated that:

[a] cause of action for negligent infliction of emotional distress exists in. only two circumstances: 1) where a close family member experiences a contemporaneous sensory observance of physical injuries being inflicted on another family member or 2) where the plaintiff nearly experiences a physical impact in that he was in the zone of danger of the defendant's tortious conduct.

*Id.* at 178 (internal citations omitted). "A plaintiff cannot recover for emotional upset where there is no physical impact involved in the case at all." *Id.*

Nevertheless, other courts have held that in the absence of physical impact, a plaintiff can recover for negligent infliction of emotional distress, not only if he or she witnessed an accident in which a close relative was injured, but also if he or she suffered "distress as a result of a breach by a defendant of a distinct pre-existing duty of care, that is in essence an independent tort." *Herbert v. Greyhound Lines, Inc.,* 1994 WL 493732, at *4 (E.D.Pa. Sept.8, 1994); *see also Green v. Bryant,* 887 F.Supp. 798, 802 (E.D.Pa.1995); *Hunger,* 670 A.2d at 182 (Beck, J., concurring) (agreeing that plaintiff did not state a claim for negligent infliction of emotional distress but recognizing that tort of negligent infliction of emotional distress can be based upon a violation of a pre-existing duty grounded in a contractual or implied contractual relationship); *Armstrong,* 633 A.2d at 615 ("Pennsylvania also recognizes recovery in situations in which there is a contractual or fiduciary duty."); *Crivellaro v. Pennsylvania Power & Light Co.,* 341 Pa.Super. 173, 491 A.2d 207, 208 (1985) (implicitly finding tort of negligent infliction of emotional distress can be grounded in a duty of care arising in an employee-employer context in reversing trial court's order sustaining preliminary objections to a plaintiff's allegations of negligent infliction of emotional distress).

Here, Marchese has failed to allege any physical impact experienced by himself or a close family member, or that he was in the "zone of danger" of the defendant's

ment necessary to establish standing and, therefore, his individual claims may not go forward.

tortious conduct. *See Hunger*, 670 A.2d at 178. Nor does Marchese allege that any of the defendants breached a pre-existing duty of care, that is in essence an independent tort. *See Herbert*, 1994 WL 493732, at *4; *see also Green*, 887 F.Supp. at 802; *Hunger*, 670 A.2d at 182–83 (Beck, J., concurring). In sum, Marchese appears to have ignored the narrow circumstances under which this tort has evolved and been recognized, alleging merely that the defendants were negligent and, as a result, that he suffered emotional distress. This is insufficient to state a claim for negligent infliction of emotional distress under Pennsylvania law and therefore the motion to amend will be denied as to Count VII on grounds of futility.

### B. Claims of B.J. Marchese Chevrolet

Next the Court must consider whether leave to amend the complaint with respect to the claims asserted by the automobile dealership should be allowed. In so doing, the Court will consider whether each of the counts enumerated in the amended complaint state a claim on behalf of the dealership or whether leave to amend should be denied on grounds of futility.[7]

### 1. Count I: Abuse of Process and Malicious Prosecution

▮ Prior to the Supreme Court's decision in *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), the Court of Appeals for the Third Circuit permitted plaintiffs to plead malicious prosecution claims under section 1983 merely by alleging the common law elements of the tort. In so doing, the Court of Appeals reasoned that the common law

tort of malicious prosecution could also be violative of substantive due process and could therefore form the basis for a section 1983 suit.[8] *Lee v. Mihalich*, 847 F.2d 66, 69–70 (3d Cir.1988); *see also Gallo v. City of Philadelphia*, 161 F.3d 217, 221 (3d Cir.1998) (discussing effect of *Albright* on malicious prosecution claims). "*Albright*, however, casts doubt on the holding of cases like *Lee* by suggesting that a plaintiff bringing a malicious prosecution claim must allege a claim based on explicit constitutional text, 'not the more generalized notion of substantive due process.'" *Gallo*, 161 F.3d at 221 (quoting *Albright*, 510 U.S. at 273, 114 S.Ct. 807).

In *Albright*, the plaintiff instituted an action under section 1983 against a detective, alleging that the detective deprived him of his substantive due process right to be free of prosecution without probable cause. 510 U.S. at 271, 114 S.Ct. 807. In affirming the dismissal, a plurality of the Court reasoned that where a particular constitutional amendment "'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment', not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Id.* at 273, 114 S.Ct. 807 (quoting *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). In so doing, the Supreme Court suggested that a section 1983 claim alleging malicious prosecution could be based upon a violation of the Fourth Amendment. *Id.* at 275, 114 S.Ct. 807.

The Court of Appeals for the Third Circuit has subsequently held that a section

---

7. Again, there is no contention that amending the complaint should be disallowed on grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party by virtue of allowance of the amendment.

8. Accordingly, the Court of Appeals held that a § 1983 claim for malicious prosecution

must contain the following elements of the common law tort as it has developed: (1) the defendant initiated a criminal proceeding; (2) which ended in the plaintiff's favor; (3) which was initiated without probable cause; and (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice. *Rose v. Bartle*, 871 F.2d 331, 349 (3d Cir.1989).

1983 malicious prosecution claim may be based on a constitutional amendment other than the Fourth Amendment, including the Due Process Clause of the Fourteenth Amendment. *Torres v. McLaughlin*, 163 F.3d 169, 172 (3d Cir.1998), *cert. denied* — U.S. —, 120 S.Ct. 797, 145 L.Ed.2d 672 (U.S.2000); *see also Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 792 (3d Cir.2000). Thus, a claim for malicious prosecution is actionable under section 1983, and to state a claim the plaintiff must allege the elements of the common law tort as well as a violation of a constitutional provision. *Id.; Miller v. City of Philadelphia*, 954 F.Supp. 1056, 1065 (E.D.Pa.1997), *aff'd* 174 F.3d 368 (3d Cir. 1999); *see also Hilfirty v. Shipman*, 91 F.3d 573, 579 (3d Cir.1996) (post *Albright* decision addressing element of common law tort in § 1983 context); *Montgomery v. De Simone*, 159 F.3d 120, 124 (3d Cir. 1998) (same); *Haddock v. Christos*, 866 F.Supp. 170, 173 n. 9 (M.D.Pa.1994) (presuming that elements identified by Third Circuit in *Lee* for malicious prosecution survived *Albright* ), *aff'd*, 82 F.3d 405 (3d Cir.1996); *Ferraira v. Mobil Oil Corp.*, 1994 WL 470280, at *3–*4 (E.D.Pa. Aug.19, 1994) (same), *aff'd*, 68 F.3d 456 (3d Cir.1995).

■ Plaintiff alleges that defendants' conduct "deprived the plaintiffs of due process of law, in violation of the Fifth and Fourteenth Amendments." (Amended Complaint at ¶ 45). The Court infers that the plaintiff corporation is pleading a deprivation of procedural due process, as opposed to substantive due process.[9] *Torres*, 163 F.3d at 173 (section 1983 malicious prosecution claim can be based upon constitutional provision other than Fourth Amendment, including the procedural component of the Due Process Clause, as long as it was not based upon substantive due process); *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d at 792. There is no single model of procedural fairness, let alone a

particular form of procedure dictated by the Due Process Clause. *Dykes v. SEPTA*, 68 F.3d 1564, 1571 (3d Cir.1995). Due process is flexible and call for such procedural protections as the particular situation demands. *Id.*

At its core, procedural due process protects the right to advance notice of significant deprivations of liberty or property and a meaningful opportunity to be heard. *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir.1998). It is axiomatic that there can be no violation of due process absent a deprivation of a legally protected liberty or property interest. *See id.* The plaintiff corporation argues that it has a property interest in a dealership license. However, nowhere in the amended complaint does plaintiff allege a deprivation of the license. Moreover, with respect to plaintiff's allegations that it was unfairly issued a citation for the summary offense of obstructing the highway, the complaint states that a hearing was held and that the citation was ultimately dismissed. Thus, on the face of the amended complaint it appears that plaintiff was in fact provided due process with respect to the summary offense citation.

The failure of plaintiff to allege a deprivation of property or liberty is a fatal to its section 1983 claim for malicious prosecution based upon a "deprivation of due process." The amended complaint thus fails to state a claim for malicious prosecution and therefore the motion to amend will be denied as to Count I on grounds of futility.

#### 2. Count II: Equal Protection

■ The essence of the Equal Protection Clause is that, absent a rational basis for doing otherwise, the state must treat similarly situated persons alike. *See Village of Willowbrook v. Olech*, 528 U.S. 1073, 120 S.Ct. 1073, 1074, 145 L.Ed.2d 1060 (U.S.2000); *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105

---

9. To the extent that plaintiff intended to plead a deprivation of substantive due process, such a claim must be dismissed. *See Albright,* 510 U.S. at 272–74, 114 S.Ct. 807.

S.Ct. 3249, 87 L.Ed.2d 313 (1985). The number of individuals in a class is immaterial for purposes of an Equal Protection analysis. *Olech,* 528 U.S. at ——, 120 S.Ct. at 1074. The plaintiff's allegations that "others" were allowed to sell cars on their property without paving or submitting land development plans, that others were permitted to have flashing light signs and that the previous owner of the property was permitted to park vehicles on the alleged sidewalk area for over 40 years is sufficient to withstand a motion to dismiss. Accordingly, the motion to amend will be granted with respect the allegations of the corporation B.J. Marchese Chevrolet in Count II.

### 3. Count IV: Conspiracy

■ To state a section 1983 conspiracy claim, a plaintiff must allege: (1) the existence of a conspiracy involving state action; and (2) a depravation of civil rights in furtherance of the conspiracy by a party to the conspiracy. *See Panayotides v. Rabenold,* 35 F.Supp.2d 411, 419 (E.D.Pa.1999), *aff'd,* 210 F.3d 358 (3d Cir.2000); *Holt Cargo Sys. Inc. v. Delaware River Port Auth.,* 20 F.Supp.2d 803, 843 (E.D.Pa.1998) (there can be no liability for a conspiracy to violate section 1983 without an actual violation of section 1983); *Defeo v. Sill,* 810 F.Supp. 648, 658 (E.D.Pa.1993); *see also Goldschmidt v. Patchett,* 686 F.2d 582, 585 (7th Cir.1982) ("Section 1983 does not, however, punish conspiracy; an actual denial of a civil right is necessary before a cause of action arises.").

Plaintiff includes in his allegations of conspiracy that the defendants conspired to commit the unlawful acts described in, among other counts, Count II, which states a claim for a violation of equal protection. (Amended Complaint at ¶ 60). Thus, drawing all inferences in favor of the plaintiff, it can be inferred that plaintiff is alleging that the defendants conspired to deprive the corporative plaintiff of its rights pursuant to the Equal Protection Clause of the Fourteenth Amendment.

■■ In addition to alleging a violation of his civil rights, plaintiff must allege the existence of a conspiracy involving state action. "[T]o sufficiently allege a conspiracy, a plaintiff must show 'a combination of two or more person to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose.'" *Panayotides,* 35 F.Supp.2d at 419 (quoting *Hammond v. Creative Financial Planning Org.,* 800 F.Supp. 1244, 1248 (E.D.Pa.1992)). A plaintiff must make "'specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events.'" *Id.* (quoting *Hammond,* 800 F.Supp. at 1248). "Only allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain other actions of the alleged conspirators taken to achieve that purpose will be deemed sufficient." *Outterbridge v. Pennsylvania Dep't of Corrections,* 2000 WL 795874, 2000 U.S. Dist. LEXIS 7762, at *8 (E.D.Pa. Jun. 7, 2000) (quoting *Rose,* 871 F.2d at 366).

■ Defendant Brown argues that the conspiracy charges lack the requisite specificity to state a claim. Applying the liberal pleading standard requirements contemplated by the Federal Rules of Civil Procedure, I find that the plaintiff has made sufficiently particularized allegations to preclude dismissal for lack of specificity. *Leatherman v. Tarrant County Narcotics Intelligence .& Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (complaints under civil rights statutes are not required to plead facts with greater specificity than is generally required). Here, plaintiff has pled facts sufficient to put the defendants on notice of the general period of the conspiracy, the object of the conspiracy and the alleged conduct taken in furtherance of the conspiracy. Accordingly, the motion to amend will be granted with respect the corporation B.J. Marchese Chevrolet's allegations in Count IV.

#### 4. Count V: Defamation

■ Defamation is a communication which tends to harm an individual's reputation so as to lower him or her in the estimation of the community or deter third persons from associating or dealing with him or her. *Elia v. Erie Ins. Exch.*, 430 Pa.Super. 384, 634 A.2d 657, 660 (1993). Under Pennsylvania law, a plaintiff in a defamation action has the burden of proving the following: (1) the communication was defamatory; (2) publication by the defendant; (3) the communication applies to plaintiff; (4) the recipient of the communication understands the communication's defamatory meaning; (5) the recipient understands the communication to be intended to apply to plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion. *See* 42 Pa.C.S.A. § 8343; *see also Kiffin v. Barshak*, 1999 WL 33110082, 1999 U.S. Dist. LEXIS 5582, at *21–*22 (E.D. Pa. April 14, 1999). Defendant bears the burden of proving (1) the truth of the defamatory communication; (2) the privileged character of the publication; and (3) that the subject matter was of public concern. *See* 42 Pa.C.S.A. § 8343.

An essential element of a defamation action is publication. *Flaxman v. Burnett*, 393 Pa.Super. 520, 574 A.2d 1061, 1066 (1990); *see also Bickling v. Kent Gen. Hosp., Inc.*, 872 F.Supp. 1299, 1307 (D.Del. 1994). Publication is the communication, either intentionally or by negligent act, of the alleged defamatory statement to a third party or at least one person other than the person defamed. RESTATEMENT (SECOND) OF TORTS, § 577. The term publication is a technical term and does not in any sense refer to printing or mass communication; rather it refers to any form of defamatory communication to a third party. *Id.*

■ Here, the claim must fail because the amended complaint fails to allege that a communication occurred. Indeed, the amended complaint fails to allege that any of the defendants wrote, spoke or otherwise published any statement, let alone a defamatory statement. To the extent that the summary offense citation itself is alleged to be defamatory, it is undisputed that the citation was issued by Sergeant Shurr and not by any of the defendants. Finally, plaintiff has also failed to allege to whom the allegedly defamatory statement was published. *See Gallagher v. Borough of Downingtown*, 1999 WL 345495, 1999 U.S. Dist. LEXIS 7498, at *11 (E.D.Pa. May 17, 1999); *Suppan v. Kratzer*, 660 A.2d 226, 229 (Pa.Cmwlth.1995). The amended complaint fails to state a claim for defamation and therefore the motion to amend will be denied as to Count V on grounds of futility.

#### 5. Count VI: Intentional Infliction of Emotional Distress

■ "Pennsylvania courts recognize a cause of action under the Restatement (Second) of Torts section 46 (1965) for the intentional infliction of emotional distress." *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 232 (3d Cir.1995); *Williams v. Guzzardi*, 875 F.2d 46, 50–51 (3d Cir.1989); *Regan v. Township of Lower Merion*, 36 F.Supp.2d 245, 250 n. 2 (E.D.Pa.1999). The tort of intentional infliction of emotional distress is available when a defendant engages in conduct that is deliberate or reckless, extreme and outrageous, and causes emotional distress. *Hoy v. Dominick*, 554 Pa. 134, 720 A.2d 745, 753–54 (1998). The conduct complained of must be " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' " *Hoy*, 720 A.2d at 754 (quoting *Buczek v. First Nat'l Bank of Mifflintown*, 366 Pa.Super. 551, 531 A.2d 1122, 1125); *Mulgrew v. Sears Roebuck & Co.*, 868 F.Supp. 98, 103 (E.D.Pa. 1994). This Court concludes that the factual allegations of the amended complaint do not satisfy this stringent standard. *Craig v. Salamone*, 1999 WL 213368, * 9

(E.D.Pa. Apr.8, 1999). Moreover, plaintiff has cited no case law, and the Court has found none, supporting the contention that a corporation can suffer emotional distress. The amended complaint fails to state a claim for intentional infliction of emotional distress and therefore the motion to amend will be denied as to Count VI on grounds of futility.

### 6. Punitive Damages

██ Punitive damages may not be awarded against municipalities under 42 U.S.C. § 1983. *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); *Combs v. Sch. Dist. of Philadelphia*, 1999 WL 1077082, at *2 (E.D.Pa. Nov.29, 1999). Likewise, because official capacity suits are in effect suits against the governmental entity, punitive damages not available against an officer in his or her official capacity. *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir.1988); *Combs*, 1999 WL 1077082, at *2. Accordingly, the motion to amend will be denied insofar as it seeks punitive damages from the Borough of Royersford and from the Borough Manager, Robert Umstead, and the Borough Solicitor, Jennifer Walters Brown, in their official capacities.

## V. CONCLUSION

Based upon the foregoing, the motions to dismiss will denied as moot and the motion to amend will be granted in part and denied in part.